## J. Blumenthal & Co. v. Rosenblatt & Blum Bros.

*Sheriff's interpleader—Claimant's own bond—Act of May 26, 1897.*

Where a married woman in her petition for a rule to show cause why she should not be permitted to file her own bond under section 5 of the Sheriff's Interpleader Act of May 26, 1897, P. L. 95, avers exclusive possession in herself of the goods upon which the levy was made, as well as sole and absolute ownership prior to marriage, and such averments are not denied by answer, the presumption of joint possession with her husband is rebutted, and the rule will be made absolute.

Rule to show cause why claimant should not be permitted to file her own bond in sheriff's interpleader. C. P. No. 2, Phila. Co., March T., 1923, No. 1086.

*Samuel Feldman,* for plaintiff.

*Aarons, Weinstein & Goldman,* for defendants.

LEWIS, J., March 30, 1925.—Claimant, wife of one of the defendants in the execution, has taken this rule for leave to file her own bond in an interpleader. The goods levied upon as the property of her husband and his partner include certain household furniture, which was located in a residence owned by the claimant wife and occupied by her. The wife avers that the goods to which she makes claim were, at the time of the levy, her sole and absolute property, that she did not derive title to same, directly or indirectly, from her husband or his co-defendant, and that the goods were also in her exclusive possession on the day of the levy. By stipulation, it has been agreed, however, that the defendant husband and the claimant wife were residing together at the time of the levy, occupying the premises in which the household goods were located. Presumably, the personal property was in every-day use by the members of the family, including the husband, but it appears that the wife acquired ownership thereof prior to her marriage, either by purchase with her own funds or by gift from persons other than the defendants in the execution.

The question is, when husband and wife are living together in a home owned by the wife, can there be in the wife an exclusive possession of household furniture contained in the family residence? Can the wife, while living with her husband, have possession exclusive of him? It is conceded that if this question is answered in the affirmative, leave should be granted to the claimant to file her own bond as prayed for.

We have reviewed the prior decisions, including those of this court, and are persuaded that, in the light of present-day conditions, the conclusion reached by Judge Stewart in Hochman v. Carroll, 19 Dist. R. 243, is sound and should be followed. The circumstances were strikingly similar to the case at bar, the wife therein having been the proprietress of a boarding-house conducted on premises occupied also by her husband and herself. In recent years, the tendency is for women to enter business life and to acquire property with great freedom, and it doubtless frequently occurs that marriages are contracted between parties, both of whom are engaged in trade and maintain not only separate ownership of real and personal property, separate bank accounts, securities, etc., but also separate and distinct proprietary businesses, some of which are conducted from the home. While the rule that the husband is the master of the house has (perhaps fortunately) not been entirely abandoned, yet it has ceased to be of application in litigation relating to separate estates of husband and wife. Where goods are in a home occupied by husband and wife, there arises only a presumption of joint possession, and this presumption may always be overcome by evidence. The

claimant has clearly averred exclusive possession in herself, as well as sole and absolute ownership prior to marriage. These averments have not been denied by answer, and must be taken to be true, not being affected by the stipulation. Hence, the circumstances are the same as if the wife had, by testimony, overcome the presumption of joint possession with her husband.

For the reasons indicated, the rule is made absolute. See, also, Foering & Heller v. Chamberlain, 21 Dist. R. 782.